# CASES

## IN THE

# SUPREME JUDICIAL COURT,

### OF THE

# STATE OF MAINE.

---

INHABITANTS OF STETSON

*vs.*

COUNTY COMMISSIONERS OF PENOBSCOT COUNTY.

Penobscot.    Opinion December 30, 1880.

*Costs in certiorari.*

In certiorari to county commissioners, costs may be allowed against the respondents at the discretion of the court, but not if they do not oppose the proceedings.

Costs in such cases do not go against the county.

ON REPORT.

Original petition for certiorari, dated August 12, 1879, entered at October term, 1879, alleging that the proceedings of the county commissioners were finally closed one term earlier than is provided by statute.

October term, 1879. Writ granted, by consent of Jasper Hutchings, then county attorney.

VOL. LXXII.    2

Writ of certiorari issued November 10, 1879. Entered in court January term, 1880.

January term, 1880. "Proceedings quashed, con. as to costs."

April term, 1880. Costs allowed, case to be marked law, and reported by defendant.

The question to be submitted to the court, was whether costs should be allowed in this case against the county or county commissioners, and if allowed whether to be taxed from the date of the petition or the date when the writ was issued.

*Barker, Vose and Barker,* for the plaintiffs, cited: R. S., c. 82, § 104; 3 Bouvier's Inst. § 2639, p. 128; R. S., c. 102, § 14; *Burr* v. *Bucksport and Bangor R. R. Co.* 64 Maine, 130; *Levant* v. *Co. Com'rs,* 67 Maine, 429.

*B. H. Mace,* county attorney, for the defendants, cited: *Cushing* v. *Gay,* 23 Maine, 11; *Booth* v. *Smith,* 5 Wend. 108; *Eastburn* v. *Kirk,* 2 Johns. Ch. 317; *Bank* v. *Osborn,* 13 Maine, 51; *Mudgett* v. *Emery,* 38 Maine, 255; R. S., c. 18, § § 3, 6, 9, 13; *Abbott* v. *Penobscot,* 52 Maine, 584; *Ham* v. *Ham,* 43 Maine, 286; R. S., c. 82, § 110; c. 102, § 14; *Rex* v. *Floyd,* Cald. 309; 1 Harr. Di. 1490; *Longfellow* v. *Quimby,* 29 Maine, 201; *Mitchell* v. *Rockland,* 41 Maine, 363.

PETERS, J. The statute which gives costs "in all actions" to the prevailing party, does not apply to this case. Certiorari is not an action at law. The writ is not one of right. Nor does it comport with the nature of the proceeding that costs should always be allowed. *Ex parte Cushman,* 4 Mass. 565; *Hopkins* v. *Benson,* 21 Maine, 399.

Costs in certiorari are regulated by R. S., c. 102, § 14, which provides that "upon every application for certiorari, and on the final adjudication thereof, the court may award costs against any party, who appears and undertakes to maintain or object to the proceedings." Substantially this provision has existed ever since the statutes were revised in 1841.

By this section a limit is imposed upon the discretion of the court. Costs cannot be awarded against a party who appears

and does not defend against the proceeding. This is because a person who has acted in a judicial capacity ought not to be subjected to costs, in cases where his errors are corrected without any opposition on his part. He stands in the position of a respondent in equity, who puts in a disclaimer. In equity, the complainant having had probable cause to proceed against a respondent who disclaims, neither party recovers costs. 1 Barb. Ch. Pr. 172.

If the petition be refused, costs may be awarded to the respondent then; but if allowed, costs may be awarded to the petitioner recoverable when the proceedings are closed. There should be but one judgment for a party for costs, as is ordinarily the practice in equity.

This writ was granted without opposition or objection. Complainants should have no costs on the petition. It does not appear to us whether the writ was contested or not. The judge who tried the case, whose exercise of discretion governs, allowed costs.

Judgment for costs must be against the commissioners. The county is not a party. The commissioners can charge the judgment against the county, no obstacle being interposed, and obtain indemnity in that way.

*Costs allowed upon the writ.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.